**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **WILLIAM ASHLEY III,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **C.A. NO. 4:20-cv-123** |
| | § | |
| | § | |
| **THE LINCOLN NATIONAL LIFE INSURANCE COMPANY,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

**ANSWER AND DEFENSES**

Defendant, The Lincoln National Life Insurance Company ("Lincoln National"), for its Answer and Defenses to Plaintiff's Complaint, states:

**PRELIMINARY STATEMENT**

1. Admits that this purports to be an action against Lincoln National for relief under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"), but except as so admitted denies the allegations in paragraph 1.

**PARTIES**

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2.

3. Admits that Lincoln National is a foreign corporation and is authorized to transact and transacting business in the Southern District of Texas, but except as so admitted denies the allegations in paragraph 3.

4. Admits that Lincoln National is the issuer and claims administrator of the group long term disability insurance policy no 000010210950 (the "LTD Policy") issued by Lincoln

National to Plaintiff's former employer Revere Control Systems ("Revere Control"), with an effective date of January 1, 2016, to fund benefits under Revere Control's ERISA-governed employee welfare benefit plan, but except as so admitted denies the allegations in paragraph 4.

5. Admits that Lincoln National transacts business in the Southern District of Texas and is subject to service of process through its registered agent, but except as so admitted denies the allegations in paragraph 5.

## JURISDICTION AND VENUE

6. Admits that this purports to be an action for benefits under ERISA and thus this Court has subject matter jurisdiction, but except as so admitted denies the allegations in paragraph 6.

7. Admits that venue lies in this District, but except as so admitted denies the allegations in paragraph 7.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Admits that: (a) during his employment with Revere Control, Plaintiff was eligible for coverage under the LTD Policy subject to the terms of the LTD Policy; and (2) the LTD Policy was effective January 1, 2016 subject to the terms of the LTD Policy, but except as so admitted denies the allegations in paragraph 8.

9. Admits that Plaintiff, as an employee of Revere Control, was eligible for coverage under the LTD Policy according to its terms, but except as so admitted denies the allegations in paragraph 9.

10. Admits that as of January 1, 2016, Lincoln National was the issuer and the claims administrator of the LTD Policy granted full discretionary authority to determine claims for benefits, but except as so admitted denies the allegations in paragraph 10.

11. Admits that Lincoln National pays benefits due under the LTD Policy from its assets, but except as so admitted denies the allegations in the second paragraph 11.

12. Denies the allegations in paragraph 12.

13. Denies the allegations in paragraph 13.

14. The allegations of paragraph 14 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 14.

15. The allegations of paragraph 15 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 15.

16. The allegations of paragraph 16 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 16 and states that the LTD Policy was issued in and is subject to the laws of the state of Alabama to the extent not governed by ERISA.

17. The allegations of paragraph 17 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 17 and states that the LTD Policy was issued in and is subject to the laws of the state of Alabama to the extent not governed by ERISA.

18. The allegations of paragraph 18 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 18.

19. The allegations of paragraph 19 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 19.

20. The allegations of paragraph 20 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 20.

21. The allegations of paragraph 21 are conclusions of law to which no response is required. To the extent a response is required, Lincoln National denies the allegations in paragraph 21.

## ADMINISTRATIVE APPEAL

22. Admits that Plaintiff had been employed by Revere Control, but except as so admitted denies the allegations in paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24. Admits that Plaintiff ceased working for Revere Control on or about May 4, 2016 and alleged a number of disabling conditions, but except as so admitted denies the allegations in paragraph 24.

25. Admits that Plaintiff claimed he became disabled on May 17, 2016, but except as so admitted denies the allegations in paragraph 25.

26. Admits that Plaintiff submitted to Lincoln National a claim for STD benefits under the STD Policy, but except as so admitted denies the allegations in paragraph 26.

27. Admits that Lincoln National paid Plaintiff STD benefits for a period of time, but except as so admitted denies the allegations in paragraph 27.

28. Admits that Plaintiff submitted to Lincoln National a claim for LTD benefits under the LTD Policy, but except as so admitted denies the allegations in paragraph 28.

29. Admits that, by letters dated June 11, 2018 and February 21, 2019, which speak for themselves, Lincoln National denied Plaintiff's claim for LTD benefits beyond August 15, 2018, but except as so admitted denies the allegations in paragraph 29.

30. Admits that the LTD Policy speaks for itself, including the definition of disability and all other terms, conditions and limitations, but except as so admitted denies the allegations in paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 and therefore denies the same.

32. Admits that, by letter dated December 7, 2018, which letter speaks for itself, Plaintiff appealed Lincoln National's denial of Plaintiff's claim for LTD benefits, but except as so admitted denies the allegations in paragraph 32.

33. Admits that Plaintiff appealed the denial of his claim for benefits, but except as so admitted denies the allegations in paragraph 33.

34. Admits that Plaintiff submitted information in support of his appeal, but except as so admitted denies the allegations in paragraph 34.

35. Admits that the Social Security Administration has awarded Plaintiff Social Security Disability benefits, but except as so admitted denies the allegations in paragraph 35.

36. Admits that Plaintiff has provided to Lincoln National documentation that the Social Security Administration has awarded Plaintiff Social Security Disability benefits, but except as so admitted denies the allegations in paragraph 36.

37. Admits that Lincoln National's medical consultant, Dr. Kenneth Kopacz, M.D. performed a peer review of Plaintiff's claim, but except as so admitted denies the allegations in paragraph 37.

38. Admits that Lincoln National's vocational rehabilitation counselor, Diane Row, MA, CRC, performed a vocational assessment, but except as so admitted denies the allegations in paragraph 38.

39. Admits that Lincoln National's nurse disability consultant, Harry Broadway, RN, performed a medical review, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 and therefore denies the same.

40. Admits that Lincoln National's nurse disability consultant, Sheridan Henry, BSN, RN, performed a medical review, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 and therefore denies the same.

41. Admits that Lincoln National's nurse disability consultant, Lynn Sucha, RN, DIA performed a medical review, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 and therefore denies the same.

42. Admits that Lincoln National's nurse disability consultant, Phyllis R. Tyson, RN, MSN, CCM, performed a medical review, but except as so admitted denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 and therefore denies the same.

43. Admits that Lincoln National's consultants did not personally examine Plaintiff, but except as so admitted denies the allegations in paragraph 43.

44. Admits that, by letter dated October 22, 2019, which speaks for itself, Lincoln National notified Plaintiff of its decision on appeal to uphold the denial of his claim for LTD benefits, but except as so admitted denies the allegations in paragraph 44.

45. Admits that Lincoln National advised Plaintiff that he had exhausted administrative appeals under the LTD Policy, but except as so admitted denies that allegations in paragraph 45.

46. Denies the allegations in paragraph 46.

47. Admits that Plaintiff has exhausted administrative appeals under the LTD Policy only, but except as so admitted denies that allegations in paragraph 47.

## MEDICAL FACTS

48. Admits that Plaintiff has advised Lincoln National of various medical conditions he has, but except as so admitted denies the allegations in paragraph 48.

49. Admits that Plaintiff has advised Lincoln National of various medical conditions he has, but except as so admitted denies the allegations in paragraph 49.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 and therefore Lincoln National denies the same.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 and therefore Lincoln National denies the same.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and therefore Lincoln National denies the same.

53. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and therefore Lincoln National denies the same.

54. Admits that Plaintiff has been prescribed medications by his providers, but except as so admitted denies the allegations in paragraph 54.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55 and therefore Lincoln National denies the same.

56. Denies the allegations in paragraph 56.

57. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57 and therefore Lincoln National denies the same.

58. Denies the allegations in paragraph 58.

59. Denies the allegations in paragraph 59.

60. Admits that Lincoln National has denied Plaintiff's claim for benefits under the LTD Policy, but except as so admitted denies the allegations in paragraph 60.

61. Denies the allegations in paragraph 61.

62. Denies the allegations in paragraph 62.

63. Denies the allegations in paragraph 63.

64. Admits that the LTD Policy speaks for itself, including Lincoln National's right to request an examination, but except as so admitted denies the allegations in paragraph 64.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies the same.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies the same.

67. Admits that Lincoln National did not request that Plaintiff submit to a physical examination as part of its review of Plaintiff's claim for benefits, but except as so admitted denies the allegations in paragraph 67.

**COUNT I**
**WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. §1132**

68. Lincoln National incorporates by reference its responses to paragraphs 1 through 67 of the Complaint.

69. Denies the allegations in paragraph 69, including subparts (a) through (d).

**COUNT II: ATTORNEY FEES AND COSTS**

70. Lincoln National incorporates by reference its responses to paragraphs 1 through 69 of the Complaint.

71. Denies the allegations in paragraph 71 and denies Plaintiff's entitlement to the relief in the Wherefore paragraph, including subparagraphs (A) through (E).

**FIRST DEFENSE**

Plaintiff's purported causes of action against Lincoln National, if any, arise under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§ 1001-1461 ("ERISA"). To the extent Plaintiff's Complaint seeks remedies not provided for by ERISA, they are preempted by ERISA. Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987).

**SECOND DEFENSE**

Plaintiff's demand for attorney's fees and costs should be denied under ERISA, 29 U.S.C. § 1132(g), because Lincoln National's defenses to this action are reasonable, correct and made in good faith.

**THIRD DEFENSE**

Plaintiff's claims, if any, are limited by the terms, conditions, limitations, exclusions and other provisions of the LTD Policy, including but not limited the definitions and provisions determining the scope of coverage under the LTD Policy.

**FOURTH DEFENSE**

Lincoln National has complied with and performed all of its promises, obligations, and duties to Plaintiff, if any, under the LTD Policy and ERISA.

**FIFTH DEFENSE**

The Complaint fails to state a claim upon which relief can be granted as to Lincoln National and Plaintiff is not entitled to further benefits under the LTD Policy because, inter alia, (a) Plaintiff was not disabled as defined by the LTD Policy after August 15, 2018; (b) Plaintiff failed to provide sufficient proof establishing entitlement to benefits under the LTD Policy, including proof of disability from performing any occupation as defined by the LTD Policy after August 15, 2018; and (c) because Plaintiff was not disabled as defined by the LTD Policy after August 15, 2018 and he failed to return to work, his coverage under the LTD Policy terminated.

**SIXTH DEFENSE**

Plaintiff has not satisfied all conditions precedent to the payment of benefits under the Policy, in that, inter alia: (a) Plaintiff was not disabled as defined by the LTD Policy after August 15, 2018; (b) Plaintiff failed to provide sufficient proof establishing entitlement to benefits under the LTD Policy, including proof of disability from performing any occupation as defined by the LTD Policy after August 15, 2018; and (c) because Plaintiff was not disabled as defined by the LTD Policy after August 15, 2018 and he failed to return to work, his coverage under the LTD Policy terminated. As such, Plaintiff is not entitled to the benefits he seeks.

**SEVENTH DEFENSE**

Under the arbitrary and capricious standard of review, the Court's review of the claim decision is limited to the administrative record. Therefore, because the administrative record shows that Plaintiff's claim for benefits was appropriately denied under the LTD Policy, the claim decision must be upheld.

**EIGHTH DEFENSE**

Even if Plaintiff were entitled to the disability benefits sought under the LTD Policy, which Lincoln National expressly denies, such entitlement at this time would not mean that Plaintiff would be entitled to future benefits under the LTD Policy given, inter alia, the possibility of Plaintiff's further recovery, as well as the effect of different requirements, exclusions and/or limitations of the LTD Policy, including the requirements of ongoing proof of continuing disability and proof of regular appropriate care by a physician in the appropriate specialty as well as the limitations on benefits for disability due to certain specified conditions.

**NINTH DEFENSE**

Even if Plaintiff were found to be entitled to disability benefits under the LTD Policy, which entitlement is denied, to the extent Plaintiff has received or is eligible to receive benefits under the Social Security Act for the same disability or any Other Income Benefits as defined by the LTD Policy, Plaintiff's recovery, if any, and any award of entitlement to benefits, is subject to reduction and offset for such Other Income Benefits pursuant to the terms of the LTD Policy.

**TENTH DEFENSE**

To the extent that Plaintiff seeks benefits through and beyond the date that his claim was denied, the Court's review is limited to the evidence contained in the administrative record of Plaintiff's claim for benefits at the time the decision was rendered. No determination has been

made with respect to Plaintiff's entitlement to benefits under the LTD Policy beyond the time period pertaining to the benefit decision, and, should Plaintiff prevail in this action, the appropriate relief would be an order overturning the decision and remanding the claim for consideration of further benefits. See Peterson v. Continental Casualty Co., 282 F.3d 112 (2d Cir. 2002) (Court's determination of insured's eligibility for permanent benefits overturned for lack of jurisdiction as plan administrator had made no determination of insured's eligibility for benefits).

**ELEVENTH DEFENSE**

Even to the extent Plaintiff was disabled and otherwise entitled to benefits, which Lincoln National denies, Plaintiff is barred under the LTD Policy from recovering LTD benefits to the extent Plaintiff was able to work in Partial Disability Employment but he chose not to engage in Partial Disability Employment.

**TWELFTH DEFENSE**

Because Plaintiff was not entitled to benefits under the LTD Policy and Plaintiff failed to return to work, his coverage under the LTD Policy terminated according to its terms.

**THIRTEENTH DEFENSE**

The claim decision at issue was neither arbitrary nor capricious, the applicable standard of review to be applied in this action.

**FOURTEENTH DEFENSE**

According to the terms of the LTD Policy, Plaintiff was insured for disability from performing any occupation as defined by the LTD Policy as of August 15, 2018. As Plaintiff was not disabled from performing any occupation as defined by the LTD Policy, no benefits were payable.

**FIFTEENTH DEFENSE**

Even if Plaintiff was entitled to continued disability benefits under the LTD Policy, which entitlement is denied, because Plaintiff received unreduced benefits from Lincoln National for disability through August 15, 2018, Lincoln National is entitled to recoupment, offset and/or reimbursement in the amount of any overpayment of benefits received by Plaintiff to the extent Plaintiff has received Other Income Benefits, including SSDI benefits, pursuant to the terms of the LTD Policy.

**SIXTEENTH DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted to the extent Plaintiff purports to seek relief not provided for under ERISA. ERISA's enforcement scheme and remedies are limited to those set forth in the statute, 29 U.S.C. § 1132, and any other purported claim is precluded under the statute, including any claims alleged in the Request for Relief paragraph.

**SEVENTEENTH DEFENSE**

Upon information and belief, to the extent Plaintiff has a disabling condition, which Lincoln National denies, Plaintiff's claim may be barred, subject to or limited by the LTD Policy's pre-existing condition limitation or the limitation on benefits for conditions due to specified injuries or sicknesses and Lincoln National reserves all rights to assert such limitations as appropriate.

**EIGHTEENTH DEFENSE**

To the extent Plaintiff purports to seek either short term disability benefits or waiver of premium benefits under any short term disability or life insurance policy(ies) issued or administered by Lincoln National to Revere Control, Plaintiff's Complaint: (1) fails to state a

claim upon which relief can be granted for any such claim; (2) is barred or precluded from asserting such claims because Plaintiff previously exhausted and was paid full STD benefits for the disability at issue; (3) is barred or precluded as Plaintiff has failed to appeal any denial or purported denial of STD or life waiver of premium benefits and has failed to exhaust administrative remedies as to any such claim; and (4) is barred as Plaintiff has filed to provide proof of loss and was not entitled to any such benefits in accordance with the terms of the respective policies.

## RELIEF REQUESTED

Lincoln National asks that: (i) the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in its favor; (ii) alternatively, to the extent the Complaint asserts claims exclusive of those available under ERISA, they be dismissed; (iii) the Court award Lincoln National its attorneys' fees and costs pursuant to 29 U.S.C. §1132(g); and (iv) the Court grant such other relief as is appropriate under the circumstances of this case.

Respectfully submitted,

MCDOWELL HETHERINGTON LLP

*/s/ Nicole E. Su*
Nicole E. Su
Texas Bar No.: 24106476
1001 Fannin Street, Suite 2700
Houston, Texas 77002
Telephone: (713) 337-5580
Facsimile: (713) 337-8850
Email: nicole.su@mhllp.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I certify that on February 11, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:


Britney McDonald
Madison Donaldson
Marc Whitehead
J. Anthony Vessel
MARC WHITEHEAD & ASSOCIATES
403 Heights Boulevard
Houston, TX 77007
Telephone: (713) 228-8888
Facsimile: (713) 225-0940
Email: britney@marcwhitehead.com
madison@marcwhitehead.com
marc@marcwhitehead.com
anthony@marcwhitehead.com


/s/ *Nicole E. Su*
Nicole E. Su